**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**


VALERIE C. PINKSTON,
              Appellant,

                    v.

DEPARTMENT OF THE TREASURY,
              Agency.

DOCKET NUMBER
AT-0752-23-0301-I-1

DATE:  February 20, 2025


# THIS ORDER IS NONPRECEDENTIAL[1]

Valerie C. Pinkston, Jonesboro, Georgia, pro se.

Javon Coatie, Esquire, Atlanta, Georgia, for the agency.


**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member


**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary resignation appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On March 28, 2022, the agency appointed the appellant as a GS-05 Contact Representative position, subject to a 1-year probationary period. Initial Appeal File (IAF), Tab 15 at 4. On September 16, 2022, the appellant resigned from her position. IAF, Tab 10 at 8-9. As relevant here, she filed an equal employment opportunity (EEO) complaint with the agency, alleging that it constructively discharged her based on her religion. IAF, Tab 1 at 19. On March 20, 2023, the agency issued a final agency decision finding no discrimination and constructive discharge. *Id.* at 19-25.

The appellant timely filed the instant mixed-case appeal. IAF, Tab 1; *see* 5 C.F.R. § 1201.154(b)(1). The administrative judge issued a jurisdiction order noting that the Board may not have jurisdiction over the appellant's appeal, setting forth the jurisdictional burden over involuntary resignation claims and ordering the appellant to file evidence and argument amounting to a nonfrivolous allegation that the Board had jurisdiction over her appeal. IAF, Tab 3 at 2-3. The appellant submitted numerous documents that appear to detail the merits of her alleged involuntary resignation; however, her submissions were not responsive to the jurisdictional order. IAF, Tabs 3-7, 9. The agency responded, requesting that the Board dismiss the appellant's appeal for lack of jurisdiction because she voluntarily resigned from her position. IAF, Tab 12. Subsequently, the administrative judge recognized that it appeared that the appellant was serving in a probationary period and issued an order advising the appellant that she had to establish that she was an "employee" under 5 U.S.C. § 7511(a)(1)(A) entitled to Board appeal rights and ordering her to file evidence in support of her claim. IAF, Tab 16. In response, the appellant submitted documents in support of her claim that she had prior Federal service. IAF, Tabs 18-19.

Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 20, Initial Decision (ID) at 1, 4. Specifically, the administrative judge found that the appellant was serving an initial probationary period and had not completed 1 year of current continuous service; thus, she lacked chapter 75 adverse action appeal rights. ID at 4. She further found that the appellant failed to make a nonfrivolous allegation that her probationary termination was based on partisan political reasons or marital status. *Id.*

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the appellant's petition, PFR File, Tab 5, to which the appellant has replied, PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). To establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that she satisfied one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1). *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013).

For an individual in the competitive service, such as the appellant, this means that she either must not be serving a probationary or trial period under an initial appointment, or must have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A)(i), (ii). An individual who has not served a full year under her appointment can show that she has completed the probationary period, and so is no longer a probationer, by tacking on prior service if: (1) the prior service was rendered immediately preceding the probationary appointment; (2) it was performed in the same agency; (3) it was performed in the same line of work; and (4) it was completed with no more than one break in service of less than 30 days.

*Hurston*, 113 M.S.P.R. 34, ¶ 9; 5 C.F.R. § 315.802(b). Alternatively, an individual can show that, while she may be a probationer, she is an "employee" with chapter 75 appeals rights because, immediately preceding the adverse action, she had completed at least 1 year of current continuous service without a break in Federal civilian employment of a workday. *Hurston*, 113 M.S.P.R. 34, ¶ 9. For the reasons that follow, we find that this appeal must be remanded to give the appellant an opportunity to meet her burden to establish that she is an "employee."

We remand the appeal for a determination of whether the Board has chapter 75 jurisdiction over the appellant's removal appeal.

Generally, an appellant has the burden of proving by preponderant evidence that the Board has jurisdiction over her appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A). However, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Based on our review of the record, we find that the appellant did not receive explicit information regarding the jurisdictional standard to show that she qualifies as an "employee" with appeal rights under 5 U.S.C. Chapter 75. The administrative judge's orders, the initial decision, and the agency's submissions did not provide the pro se appellant with proper notice of the jurisdictional requirements for establishing her status as an "employee." *See Harris v. U.S. Postal Service*, 112 M.S.P.R. 186, ¶ 9 (2009); *see also Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 6 (2007) (explaining that an administrative judge's failure to provide an appellant with proper notice can be cured if the agency's pleadings or the initial decision puts the appellant on notice of what he must do to establish jurisdiction).

We therefore find that this case should be remanded to allow the appellant an opportunity to establish that she is an "employee" as defined by chapter 75. On remand, the administrative judge shall allow the parties to present additional

evidence and argument relating to the jurisdictional issue. If, on remand, the administrative judge finds that the appellant has not established that she is an "employee" with chapter 75 appeal rights, she shall issue a remand initial decision dismissing the appeal for lack of jurisdiction. If, however, she finds that the appellant is an "employee," the administrative judge shall determine whether the appellant has made nonfrivolous allegations that, if proven, could establish jurisdiction over her involuntary resignation claim. If the administrative judge finds that the appellant made nonfrivolous allegations, the appellant is entitled to a jurisdictional hearing at which she must prove jurisdiction by a preponderance of the evidence. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc). If the administrative judge determines that the Board has jurisdiction over that claim, the administrative judge shall adjudicate the merits of the appellant's appeal.

## ORDER

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.[2]

FOR THE BOARD:         *Gina K. Grippando*

                     _____

                     Gina K. Grippando
                     Clerk of the Board

Washington, D.C.

---

[2] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.